liAMY, Judge.
This court issued a rule to show cause to defendant-in-reeonvention, Pierre Miller, why the above captioned appeal should not be dismissed as being an appeal from a non-appealable interlocutory ruling. We hereby dismiss the appeal.
This appeal arises from a domestic proceeding. The defendant-in-reeonvention, Pierre Valcour Miller, filed a Motion to Vacate and for Sanctions on January 16, 1996. The motion sought sanctions pursuant to La. Code Civ.P. art. 863 alleging that reconvenor had filed an ex parte motion seeking to fix the matter for trial. The pleading represented all issues had been joined, discovery had been completed, and all exceptions and motions had been disposed of by the trial court. The mover alleged that these representations were false at the time plaintiff-in-reconvention’s counsel signed the motion. Defendant-in-reeonvention sought to have the matter for trial rescinded and vacated, and have the trial court award sanctions in an amount sufficient to reimburse him for the cost incurred to bring the ^denied the motion for sanctions. On March 15, 1996, defendant in reconvention filed a motion and order for appeal from the February 5, 1996 judgment.
The record was lodged with this court on June 20, 1996. On June 21, 1996 this court issued a rule to show cause why the above captioned appeal should not be dismissed as being an appeal from a nonappealable interlocutory ruling.
The denial of a motion for sanctions pursuant to the La.Code Civ.P. art. 863 against a litigant and/or his counsel, is not a final appealable judgment. A denial of sanctions is a matter which arises from the main proceeding between the parties. A denial of sanctions causes no irreparable injury. A denial of an award of sanctions does not result in the injury associated with the grant of sanctions against an attorney and the litigants. To allow a denial of sanctions to be appealed at the time of the ruling on the motion would in many cases create intoler *943 able problems of multiple appeals and piecemeal litigation which are not favored under the law. See generally Everything on Wheels Subaru, Inc. v. Subaru South, Inc. 616 So.2d 1234 (La.1998). For these reasons, this court finds that the ruling appealed is a nonappealable interlocutory ruling. Therefore, the appeal is hereby dismissed at appellant’s cost.

APPEAL DISMISSED.